AUDET & PARTNERS, LLP
William M. Audet (CA 117456)
waudet@audetlaw.com
Adel A. Nadji (CA 232599)
anadji@audetlaw.com
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556



FILED
07 JUN 28 PM 3: 48
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-Filing

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BABAK PISHVAEE, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>VeriSign, Inc., a California corporation, and m-Qube, Inc, a Delaware corporation,<br><br>Defendants. | No. C 07 3407<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF**<br><br>DEMAND FOR JURY TRIAL<br><br><u>CLASS ACTION</u> |



BY FAX

### CLASS ACTION COMPLAINT

Plaintiff Babak Pishvaee ("Plaintiff"), on behalf of themselves and a class of similarly situated individuals, bring this class action against VeriSign, Inc. and m-Qube, Inc. ("Defendants") seeking to stop Defendants' common practice of causing cellular telephone customers to be improperly billed for mobile content services that the customers did not order.

### NATURE OF THE CASE

1. "Mobile content" services are ringtones, text, news, games, and daily horoscopes to cell phone users. Mobile content providers charge for their services and cause such charges to

1

be placed directly on customers' cell phone bill accounts through class members' wireless carriers. Class members' carriers bill and collect the billed amounts.

2. Most content providers use a service for billing. Here, the mobile content providers use Defendants' services. Using the "m-Qube" name, the Defendants' billing operations are billing services used by mobile-content providers.

3. Through m-Qube, Defendants have improperly collected millions of dollars for improper billings for services not requested.

4. m-Qube, who, along with the content providers and telephone carriers, shares in the revenues generated from these improper billing services, has profited enormously from its wrongful conduct in violation of the common law of (a) unjust enrichment, and (b) tortious interference with contract.

5. Plaintiff seek money damages disgorgement, injunctive and declaratory relief, costs, and reasonable attorneys' fees for themselves and for the class.

## PARTIES

6. Plaintiff is a resident of California and a member of the Class.

7. Defendant VeriSign, Inc. is a California corporation with headquarters in Mountain View, California. Defendant VeriSign, Inc. is the corporate partner of Defendant m-Qube, Inc. Defendant m-Qube, Inc. is a Delaware corporation, and a subsidiary of Defendant VeriSign, Inc.

## JURISDICTION

8. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection applies to the instant action.

## VENUE

9. Venue is proper in this district under 28 U.S.C. §§ 1391(a)(1) and 1391(a)(2).

## CONDUCT COMPLAINED OF

10. Defendant m-Qube is a leading "mobile channel enabler," allowing companies develop, deliver, and bill for mobile software such as ringtones, horoscopes, news, and the like, (collectively, "content") to compatible mobile devices throughout the Commonwealth of Massachusetts and the nation.

11. Through its technology platform, industry relationships and financial services, m-Qube has established itself as a one-stop shop for both carriers such as Verizon Wireless, Cingular, etc., and mobile content "providers" (Opera Telecom USA, Inc., Buongiorno USA, Inc., Blinck Mobile Ltd., and Nevis Mobile).

12. Content providers often turn to intermediaries such as Defendants who maintain direct connections to the carriers' networks for content delivery and handle the content providers' billing arrangements with the carriers.

13. m-Qube has developed a vast distribution system that integrates into the networks of the nation's largest cellular telephone carriers, with direct connections to more than two-dozen carriers. As a result, Defendants is able to deliver and bill for mobile content for more than 200 million wireless subscribers nationwide.

14. While Defendants charge content provider partners some up-front fees, its revenue is primarily generated by transactions for which it, in concert with mobile content providers and carriers, charges cell phone subscribers. Each time one of its content-provider partners issues a charge for its services Defendants causes the charge to be billed by the carrier to the cell phone account then associated with that phone number.

15. Cell phones accounts function similar to credit card accounts without any security features. The only information mobile-content providers require in order to add a charge to a cell phone account is the cell phone number itself.

16. When the carrier sends its usual monthly bill to the cell phone subscriber, it includes the charges for such mobile content. The carrier keeps its share of the mobile content charge) and then remits the balance to Defendants. Defendants have registered hundreds of millions of transactions and processed hundreds of millions of dollars over the years and has profited enormously from its arrangement with its carrier partners and its content provider partners.

17. As Defendants know, carriers routinely "recycle" so-called old or "dirty" telephone numbers to their customers when they sign up for new cell phone service. The numbers are "recycled" in that they were previously owned and/or used by other persons or entities. The numbers are "dirty" in that they are encumbered with pre-existing billing obligations, for products and services authorized to be purchased, if at all, by the previous owners and/or users of those numbers.

18. As a result, Defendants have caused improper charges to be included in a victim's billing statements.

19. As a direct result, Defendants have profited enormously from these illegal practices.

## CLASS ALLEGATIONS

20. Plaintiff brings this action, pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), on behalf of themselves and a class (the "Class") consisting of all wireless telephone subscribers in the nation who were billed by Defendants for products or services not authorized by the existing owner of the telephone number.

4

21.     The Class consists of thousands of individuals and other entities, making joinder impractical, in satisfaction of Rule 23(a)(1). The law of California can be applied to all class members.

22.     The claims of the representative Plaintiff are typical of the claims of all of the other Class members. The law of California should be applied to all claims asserted.

23.     The Plaintiff will fairly and adequately represent and protect the interests of the other Class members. The Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. The Plaintiff and counsel are committed to vigorously prosecuting this action on behalf of the other Class members, and have the financial resources to do so. Neither the Plaintiff nor their counsel have any interests adverse to those of the other Class members.

24.     Absent a class action, most Class members would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

25.     The Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other Class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members.

26.     The factual and legal bases of Defendant's liability to the Plaintiff and to the other Class members are the same, resulting in injury to the Plaintiff and to all of the other Class members. The Plaintiff and other Class members have all suffered harm and damages as a result of all of the Defendant's unlawful and wrongful conduct.

27. There are many questions of law and fact common to the Plaintiff and the other Class members, and those questions predominate over any questions that may affect individual Class members within the meaning of Rule 23(a)(2) and 23(b)(3).

## FIRST CAUSE OF ACTION

### [Consumer Legal Remedies Act]
### [Violations of Civil Code §§1750 *et seq.*]

28. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

29. The Consumer Legal Remedies Act applies to Defendant's actions and conduct described herein because it extends to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

30. Plaintiff and each member of the Class are "consumers" within the meaning of Civil Code Section 1761(d).

31. The products that Plaintiff and each other member of the Class purchased from m-Qube are "goods" within the meaning of Civil Code Section 1761(a).

32. Defendants offer for sale and sells products, when at all relevant times, Defendants knew or should have known that such actions constitute omissions and concealment of material facts that are unfair, deceptive, and misleading business practices in violation of Civil Code §§1770(a)(1)(2)(3) and (5).

33. The conduct described herein is unlawful pursuant to California Civil Code §§1770(a)(1)(2)(3) and (5).

34. Defendants' deceptive acts and omissions occurred in the course of selling a consumer product and have occurred continuously through the filing of this Complaint.

6

35. As a direct and proximate result of Defendants' violations of Civil Code Section 1750, *et seq.*, Plaintiff and the other Class members have suffered irreparable harm and monetary damages. Plaintiff, on behalf of himself and on behalf of the Class, seeks all relief allowable under the CLRA.

36. Plaintiff has complied with the notice provisions of Civil Code §1782, and therefore seeks damages for himself pursuant to the CRLA.

## SECOND CAUSE OF ACTION

### [Unfair Competition & False Advertising]
### [Violation of Bus. & Prof. Code Sections 17200 and 17500]

37. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

38. Plaintiff brings this cause of action on behalf of himself, on behalf of the Class, and in his capacity as private attorney general.

39. Defendants have engaged in unfair, unlawful and fraudulent business acts and practices as set forth above. Defendants maintains headquarters and principal places of operations in California.

40. Beginning on a date unknown to Plaintiff and continuing to the present, Defendants have engaged in, are engaged in, and propose to engage in unfair competition, as that term is defined in Business and Professions Code §17200.

41. As used in this Complaint and in §17200, "unfair competition" means (1) an unlawful, unfair or fraudulent business act or practice; (2) unfair, deceptive, untrue or misleading advertising; and/or (3) an act prohibited by Chapter 1 (commencing with § 17500) of Part 3 of Division 7 of the Business and Professions Code. This conduct is actionable pursuant to Business and Professions Code §§17200, 17203.

42. In engaging in conduct which constitutes unfair competition, Defendants have acquired money or property from members of the general public. It is impossible for the Plaintiff to determine the exact amount of money that Defendants have obtained without a detailed review of Defendants' books and records.

43. Specifically, Defendants have engaged in, are engaged in, and propose to engage in unlawful, unfair, and fraudulent business acts and practices, each of which independently constitute Unfair Competition.

44. Pursuant to Business and Professions Code §17203, the Court may impose injunctive relief against any conduct found to constitute unfair competition pursuant to Business and Professions Code §17200. The court may also make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

45. Plaintiff, on behalf of himself, the Class, and the general public seeks restitution, and all other relief allowed under Section 17200, et seq.

### THIRD CAUSE OF ACTION

**[Unjust Enrichment]**

46. Plaintiff incorporates by reference the foregoing allegations.

47. A benefit has been conferred upon Defendants by Plaintiff and the Class. Defendants have received and retain money belonging to Plaintiff and the Class resulting from its billing and collecting of millions of dollars in unauthorized third party mobile content charges, and in particular, its practice of systematically, repeatedly and without authorization, causing Plaintiff and the Class of cellular telephone customers to be billed by their cellular

carriers for mobile content services authorized to be purchased, if at all, by the previous owners *and/or* users of such telephone numbers.

48.   Defendants appreciate or have knowledge of said benefit.

49.   Under principles of equity and good conscience, Defendants should not be permitted to retain the money belonging to Plaintiff and the Class which Defendants have unjustly received as a result of its actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of themselves and the Class, pray for the following relief:

(a)   That the Court certify this case as a class action, appoint the undersigned as class counsel, and appoint Plaintiff as the class representative;

(b)   That the Court declare that the actions of Defendants, as set out above, constitute unjust enrichment, and tortious interference with contract;

(c)   That the Court enter judgment against Defendants for all economic, monetary, actual, consequential, and compensatory damages caused by Defendant's conduct, and if Defendant's conduct is proved wilful award Plaintiff and the Class exemplary damages;

(d)   That the Court award Plaintiff and the Class reasonable costs and attorney's fees;

(e)   That the Court award Plaintiff and the Class pre- and post-judgment interest, including interest not paid on any credits previously provided;

(f)   That the Court enter judgment for an injunctive and/or declaratory relief as is necessary to protect the interests of Plaintiff and the Class;

(g)   That the Court award such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Date: June 28, 2007

Respectfully submitted,

AUDET & PARTNERS, LLP

_____
William M. Audet
Adel A. Nadji
221 Main Street, Suite 1460
San Francisco, California 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556

*Attorneys for Plaintiff and the Class*

Of Counsel:
Siamak Pishvaee, JD, MBA
Pishvaee & Associates
2934 1/2 Beverly Glen Circle, #269
Bel Air, CA 90077
Telephone: (310) 694-8080
Facsimile: (310) 694-8081