MICHAEL J. STORTZ (State Bar No. 139386)
Michael.Stortz@dbr.com
BETH O. ARNESE (State Bar No. 241186)
Beth.Arnese@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105-2235
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Attorneys for Defendant
AT&T MOBILITY LLC, formerly known as
Cingular Wireless LLC, a Delaware corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BABAK PISHVAEE, individually, and on behalf of a class of similarly situated individuals,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>VERISIGN, INC., a California corporation, M-QUBE, INC., a Delaware corporation, and AT&T MOBILITY LLC, formerly known as Cingular Wireless LLC, a Delaware corporation,<br><br>　　　　　　Defendants. | Case No. C-07-3407 JW<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; DECLARATION OF COUNSEL** |

# I.

# **INTRODUCTION**

Pursuant to Civil Local Rules 3-12 and 7-11, defendants AT&T Mobility LLC VeriSign, Inc. and m-Qube, Inc. (collectively "Defendants") file this administrative motion to consider whether Case No. CV-08-0013, captioned *Louis Jiran and Delores Gresham v. AT&T Mobility LLC et al.*, (hereinafter referred to as "*Jiran*") is related to this action. *Jiran* was originally filed in San Francisco Superior Court on October 16, 2007, and removed to this Court on January 2, 2008. *Jiran* was first assigned to the Honorable Samuel Conti. Following an Order of recusal, *Jiran* has been assigned to the Honorable Susan Illston.

Defendants believe that *Jiran* may be related to *Pishvaee* within the meaning of under Civil Local Rule 3-12(a). Both *Jiran* and *Pishvaee* are putative class actions involving so-called "recycled" cellular telephone numbers, i.e., numbers that allegedly "were previously owned and/or used by other persons or entities." *Pishvaee* First Amended Complaint at ¶ 10; *Jiran* Complaint at ¶ 1. Plaintiffs allege that due to such "recycled numbers," they and putative class members were charged for wireless content services "that were never authorized by the current owners of affected phone numbers." *Pishvaee* First Amended Complaint at ¶¶ 10-11; *Jiran* Complaint at ¶¶ 1-2. Plaintiffs in both actions bring individual and putative class claims under California common law and California statute, including putative claims under California Public Utility Code Section 2890 and California Business & Professions Code Section 17200.

As such, it would appear that the *Pishvaee* and *Jiran* actions may "concern substantially the same parties," and/or transactions or events, and that there may be "an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a)(1), (2). Pursuant to Civil Local Rule 3-12(b), defendants file this Motion in the *Pishvaee* action, as that action is "earliest-filed." Defendants request a determination as to whether the two actions are related within the meaning of Local Rule 3-12, such that they should be assigned to Judge

Ware.

## II.

## BACKGROUND

**A.     The *Pishvaee* Action.**

On June 28, 2007, plaintiff Babak Pishvaee filed the present action against defendants VeriSign, Inc. and m-Qube, Inc.  On September 21, 2007, plaintiff filed his First Amended Complaint, adding AT&T Mobility LLC as a defendant.

Plaintiff's First Amended Complaint alleges that plaintiff Pishvaee received a "recycled" cellular telephone number.  A "recycled" number is defined by plaintiff as a number that was "previously owned and/or used by other persons or entities." *Pisvhaee* First Amended Complaint ¶ 10.   Plaintiff alleges that such "recycled" numbers result in charges appearing on monthly cellular telephone bills for mobile content, where such charges "were never authorized to be purchased by the current owners of affected phone numbers." *Id.* at ¶ 11.

Plaintiff purports to represent a putative class "consisting of all wireless telephone subscribers in California and the nation who were billed by Defendants m-Qube and Cingular for products or services not authorized by the existing owner of the telephone number." *Pishvaee* First Amended Complaint ¶ 18.

Plaintiff alleges against all defendants individual and putative class claims under California Consumer Legal Remedies Act, Civil Code §§ 1750, *et seq.,* California False Advertising Law and Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.*, and claims for unjust enrichment and declaratory relief.  Plaintiff also alleges against Cingular only individual and putative class claims for violation of 47 U.S.C. Section 201 and for violation of California Public Utilities Code Section 2890.

On March 10, 2008, this Court will hear oral argument on Defendant AT&T Mobility's Motion to Compel Arbitration and Defendants VeriSign, Inc. and m-Qube Inc.'s Motions to Dismiss or To Compel Arbitration.  A Case Management Conference also is scheduled for that date.

**B.     The *Jiran* Action.**

On October 16, 2007, Plaintiffs Louis Jiran and Delores Gresham filed the *Jiran* action in San Francisco Superior Court.

Plaintifffs' Complaint alleges that Jiran and Gresham each received a "recycled" cellular telephone number. A "recycled" number is defined by plaintiffs as a number that was "previously owned and/or used by other persons or entities." *Jiran* Complaint ¶ 1. Plaintiff alleges that such "recycled" numbers result in charges appearing on monthly cellular telephone bills for mobile content, where such charges "were never authorized to be purchased by the current owners of affected phone numbers." *Id.* at ¶ 2.

Plaintiffs purport to represent two classes: (1) "a class consisting of all AT&T wireless telephone subscribers in the nation who were charged by AT&T for mobile content services where the date of authorization for such charges preceded the date that the telephone number was assigned by AT&T to such subscriber"; and (2) "a class consisting of all wireless telephone subscribers in the nation who were charged by VeriSign, m-Qube, Mobile Messenger and/or MBlox for mobile content services where the date of authorization for such charges preceded the date that the telephone number was assigned to such subscriber by his or her wireless carrier." *Jiran* Complaint at ¶ 93.

Plaintiffs assert individual and putative class claims against ATTM for breach of contract and violation of California Public Utilities Code Section 2890. Plaintiffs also assert individual and putative class claims against the remaining named defendants, including VeriSign and m-Qube, for restitution/unjust enrichment and tortious interference with contract. Plaintiffs also assert individual and putative class claims under California Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.*, against all defendants.

*Jiran* was timely removed on January 2, 2008 under the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005). The action received Case Number CV-08-0013, and has been assigned to Judge Illston. The parties have submitted a stipulation and proposed order for extension of responsive pleading deadlines to and including

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

SF1\393696\3

February 4, 2008. In the meantime, with one exception, appearing defendants in *Jiran* are likely to bring initial motions similar to those set for hearing on March 10, 2008 in *Pishvaee*.[1]

## III.

## DISCUSSION

Civil Local Rule 3-12(a) provides that an action is related to another when: "(1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

Here, plaintiffs in each action appear to have asserted the same claims against the same defendants on behalf of overlapping putative classes. The proposed class in *Pishvaee* consists of "all wireless telephone subscribers in California and the nation who were billed by Defendants m-Qube and Cingular for products or services not authorized by the existing owner of the telephone number." The proposed classes in *Jiran* include a class consisting of "wireless telephone subscribers in the nation who were charged by VeriSign, m-Qube, Mobile Messenger and/or MBlox for mobile content services where the date of authorization for such charges preceded the date that the telephone number was assigned to such subscriber by his or her wireless carrier." Defendants vigorously dispute that any classwide adjudication of the putative claims would be appropriate. Nonetheless, due to the potential overlap in class definitions and classwide claims, *Pishvaee* and *Jiran* may "concern substantially the same parties, transactions or events" within the meaning of Civil Local Rule 3-12(a).

In addition, the actions involve similar or even identical legal claims arising out of the same general set of facts. Defendants generally dispute these claims and the allegations of the pending Complaints. Nonetheless, if the cases are adjudicated before

---

[1] Defendant m-Blox, Inc., a defendant in *Jiran*, filed an answer in San Francisco Superior Court prior to removal. Defendant Mobile Messenger evidently has not been served to date in *Jiran*.

different Judges, the result may be a "an unduly burdensome duplication of labor and expense or conflicting results," within the meaning of Civil Local Rule 3-1

## IV.

## CONCLUSION

Defendants respectfully seek the Court's determination as to whether the *Jiran* action is related to the *Pishvaee* action within the meaning of Local Rule 3-12, such that the actions should be assigned to Judge Ware.

Dated: January 8, 2008                                    DRINKER BIDDLE & REATH LLP

/s/
───────────────────────────
MICHAEL J. STORTZ

Attorneys for Defendant
AT&T MOBILITY LLC

## DECLARATION OF MICHAEL J. STORTZ

I, Michael J. Stortz, declare as follows:

    1.    I am a member of the Bar of State of California and admitted to practice before this Court. I am a partner in the firm of Drinker Biddle & Reath LLP, attorneys of record for moving party. I make this declaration of my own personal knowledge, and if called would testify to the matters set forth therein.

    2.    Pursuant to Civil Local Rule 7-12(a), we contacted counsel for the parties in the *Jiran* action as to whether they would stipulate that the *Jiran* action is related to the *Pishvaee* action within the meaning of Local Rule 3-12. As a matter of courtesy, counsel for co-defendant contacted plaintiff's counsel in the *Pishvaee* action to make a similar inquiry.

    3.    Prior to filing this motion, we learned that counsel for all parties, as well as counsel for plaintiff in the *Pishvaee* action, agreed that the two actions were related, with the exception that counsel for plaintiffs in the *Jiran* action did not believe that the two

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\393696\3

1  cases are related.  Accordingly, a stipulation to the relief requested by this Administrative
2  Motion could not be obtained.
3      I declare under penalty of perjury of the laws of the United States of America that
4  the foregoing is true and correct.  Executed on January 8, 2008 in San Francisco,
5  California.

7  Dated: January 8, 2008

                                                              /s/
                                                              MICHAEL J. STORTZ