RONALD L. JOHNSTON (State Bar No. 57418)
ronald.johnson@aporter.com
ANGEL L. TANG (State Bar No. 205396)
angel.tang@aporter.com
ARNOLD & PORTER LLP
777 S. Figueroa Street, Suite 4400
Los Angeles, CA 90017
(213) 243-4000

JAMES COOPER (Admitted *Pro Hac Vice*)
james.cooper@aporter.com
LAURA RIPOSO VANDRUFF (Admitted *Pro Hac Vice*)
laura.vandruff@aporter.com
ARNOLD & PORTER LLP
555 12th St., NW
Washington, DC 20004
(202) 942-5000

Attorneys for Defendants
m-Qube, Inc. & VeriSign, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| BABAK PISHVAEE, individually, and on behalf of a class of similarly situated individuals,<br><br>  Plaintiff,<br><br>  v.<br><br>VERISIGN, INC., a California corporation, M-QUBE, INC., a Delaware corporation, and AT&T MOBILITY LLC, formerly known as Cingular Wireless LLC, a Delaware corporation,<br><br>  Defendants. | Case No. C-07-3407-JW<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

**I.    INTRODUCTION**

Pursuant to Civil Local Rules 3-12 and 7-11, defendants VeriSign, Inc. and m-Qube, Inc. (collectively "VeriSign Defendants") file this administrative motion to consider whether Case No. 3:07-cv-06496-SI, captioned *Aliza Valdez v. m-Qube, Inc., et al.*, (hereinafter referred to as "*Valdez*") is related to this action.[1]  *Valdez*, which was originally filed in San Francisco Superior Court on October 18, 2007, was removed to this Court on December 28, 2007.  *Valdez* has been assigned to the Honorable Susan Illston.

The VeriSign Defendants believe that *Valdez* may be related to *Pishvaee* within the meaning of Civil Local Rule 3-12(a).  Both *Pishvaee* and *Valdez* are putative class actions involving so-called "recycled" cellular telephone numbers, *i.e.*, numbers that allegedly "were previously owned and/or used by other persons or entities."  *Pishvaee* First Amended Complaint at ¶ 10; *see Valdez* Complaint at ¶ 5 ("The numbers are 'recycled' in that they were previously assigned to other persons or entities.").  Plaintiffs in both actions allege that they and the putative class members have been charged for wireless content services "that were never authorized by the current owners of affected phone numbers."  *Pishvaee* First Amended Complaint at ¶¶ 10-11; see *Valdez* Complaint at ¶¶ 6-7 ("cell phone users are billed for mobile content services ordered not by them, but by the previous subscribers assigned their cell phone numbers.").  Plaintiffs in both actions bring individual and putative class claims under California common law and statutory law, including putative claims under California Business & Professions Code Section 17200.

The *Pishvaee* and *Valdez* actions, therefore, "concern substantially the same parties," transactions, or events, and there may be "an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civil L.R. 3-12(a)(1), (2).  Pursuant to Civil Local Rule 3-12(b), the VeriSign Defendants file this Motion in the *Pishvaee* action, as the *Pishvaee* action is "earliest-filed."  The VeriSign Defendants request a determination as to

---

[1] On January 8, 2008, the VeriSign Defendants and Defendant AT&T Mobility LLC filed a separate Administrative Motion to Consider Whether Cases Should be Related regarding the *Pishvaee* action and *Louis Jiran & Delores Gresham v. AT&T Mobility LLC, et al.*, Case No. CV-08-0013, which has been assigned to the Honorable Susan Illston. (*Pishvaee* Docket No. 37.)  Defendant AT&T Mobility LLC is not a party to the *Valdez* action.

- 1 -

1  whether the two actions are related within the meaning of Local Rule 3-12 such that they should be
2  assigned to a single Judge.

## II.  BACKGROUND

### A.  The *Pishvaee* Action

On June 28, 2007, Plaintiff Babak Pishvaee filed his claim in this Court against the VeriSign Defendants.  On September 21, 2007, Plaintiff filed his First Amended Complaint, adding AT&T Mobility LLC as a defendant.

Plaintiff's First Amended Complaint alleges that Plaintiff Pishvaee received a "recycled" cellular telephone number.  A "recycled" number is defined by Plaintiff as a number that was "previously owned and/or used by other persons or entities."  *Pisvhaee* First Amended Complaint ¶ 10.  Plaintiff alleges that such "recycled" numbers result in charges appearing on his monthly cellular telephone bills for mobile content where such charges "were never authorized to be purchased by the current owners of affected phone numbers."  *Id.* at ¶ 11.

Plaintiff Pishvaee purports to represent a putative class "consisting of all wireless telephone subscribers in California and the nation who were billed by Defendants m-Qube and Cingular for products or services not authorized by the existing owner of the telephone number."  *Pishvaee* First Amended Complaint ¶ 18. Plaintiff alleges against all Defendants individual and putative class claims under the California Consumer Legal Remedies Act, Civil Code §§ 1750, *et seq.,* the California Unfair Business Practices Act, Bus. & Prof. Code § 17200 *et seq.*, and common law claims for unjust enrichment and declaratory relief.  Plaintiff also alleges individual and putative class claims against AT&T Mobility for violation of 47 U.S.C. § 201 and California Public Utilities Code Section 2890.

On March 10, 2008, this Court will hear oral argument on Defendant AT&T Mobility's Motion to Compel Arbitration and the VeriSign Defendants' Motion to Dismiss or To Compel Arbitration.  A Case Management Conference also is scheduled for that date.

- 2 -

**B.    The *Valdez* Action**

On October 18, 2007, Plaintiff Aliza Valdez filed the *Valdez* action in San Francisco Superior Court against the VeriSign Defendants and Defendant Buongiorno USA, Inc., d/b/a Blinko.[2]

Plaintiff Valdez's Complaint alleges that she received a "recycled" cellular telephone number. *Valdez* Complaint ¶ 26. A "recycled" number is defined by Plaintiff as a number that was "previously assigned to other persons or entities." *Valdez* Complaint ¶ 5. Plaintiff alleges that such "recycled" numbers result in charges appearing on monthly cellular telephone bills for mobile content, where such content "was never authorized to be purchased by the current subscribers of the affected phone numbers …." *Id.* at ¶ 7.

Plaintiff Valdez purports to represent "a class consisting of all wireless telephone subscribers in the nation who were charged by VeriSign, m-Qube, and/or Blinko for mobile content services where the date of authorization for such charges preceded the date that the telephone number was assigned to such subscriber by his or her wireless carrier." *Valdez* Complaint at ¶ 48.

Plaintiff asserts individual and putative class claims against the VeriSign Defendants and Defendant Buongiorno for violation of the California Unfair Business Practices Act, Bus. & Prof. Code § 17200 *et seq.*, and common law claims for unjust enrichment and tortious interference with a contract.

*Valdez* was timely removed on December 28, 2007 pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1453. The action received Case Number 3:07-cv-06496-SI, and it has been assigned to Judge Illston. The parties have filed stipulations to extend the deadline for Defendants' responsive pleadings, which may include initial motions similar to those set for hearing on March 10, 2008 in the *Pishvaee* action.

---

[2] Counsel for Defendant Buongiorno has advised counsel for the VeriSign Defendants that it takes no position on this Administrative Motion.

- 3 -

**III.    DISCUSSION**

Civil Local Rule 3-12(a) provides that an action is related to another when: "(1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

Here, the *Pishvaee* and *Valdez* actions involve similar legal claims arising from a single theory of allegedly wrongful conduct. Moreover, Plaintiffs in each action purport to represent overlapping classes. The proposed class in *Pishvaee* consists of "all wireless telephone subscribers in California and the nation who were billed by Defendants m-Qube and Cingular for products or services not authorized by the existing owner of the telephone number." *Pishvaee* First Amended Complaint ¶ 18. The proposed class in *Valdez* consists of "all wireless telephone subscribers in the nation who were charged by VeriSign, m-Qube, and/or Blinko for mobile content services where the date of authorization for such charges preceded the date that the telephone number was assigned to such subscriber by his or her wireless carrier." *Valdez* Complaint ¶48. Although the VeriSign Defendants deny that classwide adjudication of the *Pishvaee* or *Valdez* Plaintiffs' claims would be appropriate, the potential overlap in class definitions and class claims "concern substantially the same parties, transactions or events" within the meaning of Civil Local Rule 3-12(a). Moreover, if the cases are adjudicated before different Judges, the result may be a "an unduly burdensome duplication of labor and expense or conflicting results," within the meaning of Civil Local Rule 3-12(a).

///

///

///

## IV. CONCLUSION

The VeriSign Defendants respectfully seek the Court's determination as to whether the *Valdez* action is related to the *Pishvaee* action within the meaning of Local Rule 3-12 such that the actions should be assigned to Judge Ware.

Dated: January 9, 2008

Respectfully submitted,
ARNOLD & PORTER LLP

By: /s/ Angel L. Tang
Ronald L. Johnston (State Bar No. 57418)
Angel L. Tang (State Bar No. 205396)
777 South Figueroa Street, Suite 4400
Los Angeles, California 90017
(213) 243-4000

James Cooper (*Admitted Pro Hac Vice*)
Laura Riposo VanDruff (*Admitted Pro Hac Vice*)
555 12th Street, NW
Washington, DC 20004
(202) 942-5000

*Attorneys for Defendants
VeriSign, Inc. and m-Qube, Inc.*

- 5 -

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. C 07-3407-JW